UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

UNITED STATES OF AMERICA

    - against -

JOHN PORRAS,

              Defendant.

------------------------------------X

09 Cr. 937-02 (RWS)

SENTENCING OPINION

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6|1|11

**Sweet, D.J.**

      On April 13, 2011, John Porras, a/k/a "El Gordo," ("Porras" or "Defendant") pleaded guilty to one count of conspiracy to transport stolen goods, in violation of 18 U.S.C. § 371.  For the reasons set forth below, Porras will be sentenced to 24 months' imprisonment to be followed by 3 years' supervised release.  Porras will also be required to pay a special assessment of $100.

**Prior Proceedings**

      On September 30, 2009, Indictment 09 CR 937 (RWS) was filed in the Southern District of New York.  Count 1 charges that in November 2006, in the Southern District of New York and

1

elsewhere, Porras and others conspired to transport, transmit, and transfer in interstate and foreign commerce goods, wares, merchandise, securities, and money, of the value of $5,000 and more, knowing the same to have been stolen, converted, and taken by fraud, in violation of 18 U.S.C. §§ 371 and 2314.

On April 13, 2011, Porras appeared before the Honorable Ronald L. Ellis in the Southern District of New York and allocated to Court 1 in accordance with a plea agreement.

Porras's sentencing is currently scheduled for June 2, 2011.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the advisory Guidelines.  Thus, the sentence to be imposed here is the result of a consideration of:

(1) the nature and circumstances of the offense and

2

the history and characteristics of the defendant;

(2)   the need for the sentence imposed —

    (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B)   to afford adequate deterrence to criminal conduct;

    (C)   to protect the public from further crimes of the defendant; and

    (D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)   the kinds of sentences available;

(4)   the kinds of sentence and the sentencing range established for —

    (A)   the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;

(5)   any pertinent policy statement . . . [issued by the Sentencing Commission];

(6)   the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)   the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).   A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not.   <u>See</u>

3

Crosby, 397 F.3d at 114-15.

## The Defendant

The Court adopts the facts set forth in the Presentence Investigation Report ("PSR") with respect to Porras's personal and family history.

## The Offense Conduct

The following description draws from the PSR. The specific facts of the underlying conduct are adopted as set forth in that report.

This case involved a crew that hijacked trucks, kidnaped the drivers of those trucks, and then robbed the drivers forcibly of the contents of their trucks. Porras participated in one of the kidnaps and armed robberies.

November 13, 2006 Kidnapping and Armed Robbery

On November 13, 2006, the crew committed a kidnapping and armed robbery. That afternoon, German Cuadrado, who was

4

with Rafael Rodriguez, Jorge Cedeno, Saile Parra and Jorge Flores, received a phone call from an individual named Ramoncito.  Ramoncito told Cuadrado that he and several of his associates were in a van following a truck full of cellular phones.  Ramoncito asked Cuadrado if he and his crew would join him, so that they would be able to hijack the truck, kidnap the driver and rob the driver of his cargo of cellular phones.  Cuadrado consulted with Rodriguez, Cedeno, Parra and Flores and the crew agreed to meet up with Ramoncito for the purposes of hijacking the truck.

Cuadrado, Rodriguez, Cedeno, Parra and Flores, who were driving in two separate cars, met with the Ramoncito and his crew in New Jersey on Interstate Route 80, heading west, and began following the truck full of cell phones.  When the truck, which was being driven by Frank Karzenowski, Jr., stopped at a rest area in Allamuchy Township, New Jersey, at approximately 7 p.m., the entire crew followed, and stopped as well.  Once at the rest stop, Cuadrado instructed Rodriguez and Cedeno to enter the cab of the truck and restrain the driver, who had not exited the truck.

Rodriguez and Cedeno, both brandishing firearms, entered the truck and one of them struck Karzenowski in the head with the butt of a gun, causing Karzenowski to bleed profusely. Rodriguez and Cedeno then restrained Karzenoski with plastic flex ties and forced him to lie face down in the sleeper cabin of his truck. Cuadrado then entered the truck and began to drive it back east. Parra, Flores, Ramoncito and the others followed in their own cars.

Cuadrado eventually parked the truck on a street in the Bronx, New York. Once the truck was parked, Cuadrado, Rodriguez and Ramoncito's group left to attempt to locate a buyer for the load of cellular phones, taking four sample phones with them and leaving Cedeno, Parra and Flores to guard the truck. Karzenowski was still restrained in the back of the truck during this period. Parra left after several hours, leaving Cedeno and Flores with Karzenowski. Cedeno and Flores eventually exited the cab of the truck, at which point Karzenowski was eventually able to free himself from his bindings and escape by driving his truck away. The crew did not make any profit from this job, since Karzenowski escaped with his truck, which was still full of its load of cellular phones.

6

According to the Government, Porras was in a van with Ramon Villegas and Humberto Frierre for the duration of the crime. Porras did not exit the van at any point during the hijacking and kidnapping, but he was fully aware of what was occurring and had agreed with his co-conspirators to steal the truck at issue.

**The Relevant Statutory Provisions**

Pursuant to 18 U.S.C. § 371, the maximum term of imprisonment is five years.

If a term of imprisonment is imposed, the Court may impose a term of supervised release of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2).

Defendant is eligible for not less than one nor more than five years' probation by statute, pursuant to 18 U.S.C. § 3561(c)(1).

The maximum fine that may be imposed is $250,000, pursuant to 18 U.S.C. § 3571. A special assessment of $100 is mandatory, pursuant to 18 U.S.C. § 3013.

7

As a result of committing the offenses alleged in Count 1 of the Indictment, Defendant shall forfeit to the United States, pursuant to 18 U.S.C. §§ 1963(a)(1), (a)(2), and (a)(3), all property, real and personal, involved in the offense or traceable to such property.

**The Guidelines**

The November 1, 2010 edition of the United States Sentencing Commission Guidelines Manual has been used in this case for calculation purposes, pursuant to § 1B1.11(a).  The Court finds the following with respect to Defendant's applicable offense level, criminal history, recognition of responsibility, and term of imprisonment:

The guideline for a violation of 18 U.S.C. § 2314 is found in § 2B1.1(a)(2), which provides for a base offense level of 6.

Pursuant to § 2B1.1(b)(1)(G), an increase of 12 levels is warranted because the loss amount was more than $200,000 but less than $400,000.

8

Pursuant to § 2B1.1(b)(3), an increase of two levels is warranted because the offense involved a theft from the person of another.

Pursuant to § 2B1.1(b)(13), an increase of two levels is warranted because the offense involved the conscious or reckless risk of death or serious bodily injury and the possession of a dangerous weapon in connection with the offense.

Pursuant to § 3B1.2(b), a decrease of two levels is warranted because Defendant was a minor participant in the offense.

Based on his plea allocution, Defendant has shown recognition of his responsibility for the offense. Pursuant to § 3E1.1(a), the offense is reduced two levels. Furthermore, an additional one-level reduction is warranted, pursuant to § 3E1.1(b), because Defendant gave timely notice of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

Accordingly, the applicable offense level is 17.

On December 29, 1993, Porras was arrested and charged with burglary in the third degree.  He was convicted on this charge.  On June 2, 1994, Porras was sentenced in the New York County Criminal Court, New York, NY to five years' probation. Pursuant to § 4A1.2(e), this conviction warrants zero criminal history points.

On March 25, 1994, Porras was arrested and charged with burglary in the third degree.  He was convicted on this charge.  On November 21, 1994, Porras was sentenced in the New York County Criminal Court, New York, NY to five years' probation.  Pursuant to § 4A1.2(e), this conviction warrants zero criminal history points.

On August 17, 1994, Porras was arrested and charged with attempted criminal possession of stolen property in the fifth degree.  He was convicted on this charge.  On August 23, 1994, Porras was sentenced in the Bronx County Criminal Court, Bronx, NY to conditional discharge with four days of community service.  On May 11, 1995, he was resentenced to conditional discharge with two days of community service.  Pursuant to §

10

4A1.2(e), this conviction warrants zero criminal history points.

On March 21, 1999, Porras was arrested and charged with criminal impersonation in the second degree. He was convicted on this charge. On March 22, 1999, Porras was sentenced in the Bronx County Criminal Court, Bronx, NY to pay a $100 fine, which he did. Pursuant to § 4A1.1(c), this conviction warrants one criminal history point. This brings the total of Defendant's criminal history points to one.

A total of one criminal history point establishes a Criminal History Category of I, pursuant to the table at Chapter 5, Part A, of the Guidelines.

Based on a total offense level of 17 and a Criminal History Category of I, the Guidelines range for imprisonment is 24 to 30 months.

The Guidelines range for a term of supervised release is two to three years, pursuant to § 5D1.2(a)(2). If a sentence of imprisonment of one year or less is imposed, a term of supervised release is not required but is optional, pursuant to § 5D1.1(b). Supervised release is required if the Court imposes

11

a term of imprisonment of more than one year or when required by statute, pursuant to § 5D1.1(a).

Because the applicable guideline range is in Zone D of the Sentencing Table, Defendant is not eligible for probation, pursuant to § 5B1.1, Application Note #2.

The fine range for the instant offense is from $5,000 to $50,000, pursuant to § 5E1.2(c)(3)(A). Subject to Defendant's ability to pay, in imposing a fine, the Court shall consider the expected costs to the Government of any imprisonment, probation, or supervised release pursuant to § 5E1.2(d)(7). The most recent advisory from the Administrative Office of the United States Courts suggests a monthly cost of $2,270.93 to be used for imprisonment, a monthly cost of $317.32 for supervision, and a monthly cost of $2,063.19 for community confinement.

## The Remaining Factors of 18 U.S.C. § 3553(a)

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not

12

greater than necessary," as is required by the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103.   In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 552 U.S. 85, 102 (2007) (quoting 18 U.S.C. § 3553(a)), and having considered the Guidelines and all of the factors set forth in § 3553(a), it is determined that a Guidelines sentence is warranted in the instant case.


**The Sentence**


For the instant offense, Porras will be sentenced to 24 months' imprisonment and 3 years' supervised release.


Porras is directed to report to the nearest United States Probation Office within seventy-two hours of release to commence his term of supervised release.   It is recommended that Porras be supervised by the district of his residence.


As mandatory conditions of his supervised release, Porras shall:   (1) not commit another federal, state, or local

13

crime; (2) not illegally possess a controlled substance; and (3) not possess a firearm or destructive device. The mandatory drug testing condition is waived based on the Court's determination that Defendant poses a low risk of future substance abuse.

Furthermore, the standard conditions of supervision (1-13), set forth in the judgment, shall be imposed with the additional special conditions:

(1) Defendant shall obey the immigration laws and comply with the directives of immigration authorities.

(2) Defendant shall submit his person, residence, place of business, vehicle, or any other premises under his control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found. The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation. Defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

In consideration of all the factors set forth in 18

14

U.S.C. § 3572(a), it does not appear that the Defendant is able to pay a fine, and so the fine in this case shall be waived.

A special assessment of $100, payable to the United States, is mandatory and shall be due immediately.

Defendant shall forfeit his interest in the following property to the United States:

As a result of committing the offense alleged in Count 1 of the Indictment, Porras shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, any and all property constituting or derived from any proceeds Defendant obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count 1 of the Indictment, including but not limited to, the following:

a. A sum in United States currency representing the amount of all proceeds obtained as a result of the offense alleged in Count 1 of the Indictment.

15

The terms of this sentence are subject to modification at the sentencing hearing scheduled for June 2, 2011.

It is so ordered.

New York, NY
May  3/  , 2010

ROBERT W. SWEET
U.S.D.J.

16